# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 3199 | **DATE** | 4/29/2003 |
| **CASE TITLE** | CHARLES M. MCDONALD vs. VILLAGE OF WINNETKA | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  Enter Memorandum Opinion And Order. Winnetka's Bill of Costs is granted in part and denied in part. Winnetka is awarded a total of $18,333.41. Kushner's Bill of Costs is granted in part and denied in part. Kushner is awarded a total of $10,151.75.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | | number of notices | |
| | Notices mailed by judge's staff. | | | APR 3 0 2003 | 116 |
| | Notified counsel by telephone. | | | date docketed | |
| ✓ | Docketing to mail notices. | | | | |
| | Mail AO 450 form. | | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | | |
| LG | | courtroom deputy's initials | | date mailed notice | |
| | | | Date/time received in central Clerk's Office | mailing deputy initials | |

CHARLES M. MCDONALD,           )
                               )
        Plaintiff,             )
                               )           No. 00 C 3199
        v.                     )
                               )           Judge John W. Darrah
VILLAGE OF WINNETKA, WINNETKA FIRE    )
CHIEF RONALD J. COLPAERT, SCOTT SMITH, )
and ILLINOIS STATE FIRE MARSHAL SPECIAL )
AGENT MITCHELL S. KUSHNER,     )
                               )           DOCKETED
        Defendants.            )
                               )           APR 3 0 2003

## MEMORANDUM OPINION AND ORDER

Plaintiff, Charles M. McDonald ("McDonald"), filed suit against Defendants, alleging

deprivation of his civil rights pursuant to 42 U.S.C. § 1983 and a claim of intentional and reckless

infliction of emotional distress pursuant to Illinois law. Subsequently, Defendants' Motions for

Summary Judgment as to McDonald's Section 1983 claims were granted, and McDonald's state law

pendent claim was dismissed without prejudice. Presently before the Court are the Village of

Winnetka's, Ronald Colpaert's, and Scott Smith's (collectively "Winnetka") Bill of Costs and

Mitchell Kushner's Bill of Costs.

"Costs ... shall be allowed as of course to the prevailing party unless the court otherwise

directs." Fed. R. Civ. P. 54(d). Recoverable costs, as set forth in 28 U.S.C. § 1920, include: (1) fees

of the clerk, (2) fees for transcripts, (3) fees for printing and witnesses, (4) fees for copies of papers

necessarily obtained for use in the case, (5) docket fees, and (6) compensation of court-appointed

experts and interpreters.

There is a strong presumption favoring the award of costs to the prevailing party. *Weeks v.*

*Samsung Heavy Indus. Co.*, 126 F.3d 926, 945 (7th Cir. 1997) (*Weeks*). "The presumption is difficult to overcome, and the district court's discretion is narrowly confined -- the court must award costs unless it states good reasons for denying them." *Weeks*, 126 F.3d at 945.

## I. Winnetka's Bill of Costs

Winnetka seeks a total of $10,496.90 for various deposition-related costs, including transcription, condensed transcripts, copying, court reporter attendance fees, delivery charges, and copies of exhibits.

The costs of deposition transcripts "necessarily obtained for use in the case" are authorized by 28 U.S.C. § 1920(2). The "transcripts need not be absolutely indispensable in order to provide the basis of an award of costs; it is enough that they are "reasonably necessary". *Barber v. Ruth*, 7 F.3d 636, 645 (7th Cir. 1993). The Judicial Conference has established $3.30 as the rate per page for an original transcript, $4.40 per page for each expedited copy, $0.83 per page for the first copy of a transcript, and $0.55 per page for each additional copy to the same party.

Plaintiff does not dispute the number of depositions taken or the costs related to the transcription, copying, and court reporter attendance fees. Winnetka seeks transcription of depositions at the rate of $3.00 per page, copies at the rate of $0.75 per page, and court reporter attendance fees ranging in fees of $35 per hour to $95 per hour. The transcription and copying rates are below the established rate by the Judicial Conference and are awarded. The court reporter attendance fees are also reasonable and are awarded.

Plaintiff argues that the $360 in fees sought for condensed transcripts are not recoverable. Winnetka argues that the condensed transcripts saved considerable time, space, and copying expense. However, condensed transcripts, as a second copy, are generally not recoverable. *See Hardy v.*

*University of Illinois, Chicago*, 2002 WL 2022602 (N.D. Ill. Sept. 3, 2002) (*Hardy*); *Ochana v. Flores*, 206 F. Supp. 2d 941, 945 (N.D. Ill. 2002) (*Ochana*); *Sanglap v. LaSalle Bank*, 194 F. Supp. 2d 798, 803 (N.D. Ill. 2002) (*Sanglap*). Accordingly, the $360 in fees for condensed transcripts are not recoverable.

Plaintiff also argues that the $162 in delivery charges for the deposition transcripts is not recoverable. While the court may, in its discretion, award incidental costs including delivery charges, *Finchum v. Ford Motor Co.*, 57 F.3d 526, 534 (7th Cir. 1995), under the Judicial Conference guidelines, postage or delivery costs are considered ordinary business expenses and are not chargeable in relation to obtaining transcripts. *See Alexander v. CIT Tech. Fin. Serv.*, 222 F. Supp. 2d 1087, 1090 (N.D. Ill. 2002); *Antonson v. United Armored Serv., Inc.*, 2002 WL 908424 (N.D. Ill. May 6, 2002); COURT REPORTER MANUAL, ch. 20, pt. 20.9.4. Accordingly, Winnetka is not awarded the $162 in delivery charges.

Plaintiff next disputes $624 in deposition exhibit copy costs that Winnetka seeks to recover. In their reply brief, Winnetka withdrew their request for the deposition exhibit copy costs. Accordingly, the $624 is not awarded.

Based on the above, Winnetka is awarded $9,350.50 in deposition costs.

Winnetka seeks $5,630.25 at the rate of $0.25 per page for 22,521 copies that it produced to Plaintiff in discovery. Winnetka contends that the rate of $0.25 per page is reasonable because it is the amount charged set by resolution of the Winnetka Village Council, the copying of the files was exceptionally labor-intensive, and much of the copying had to be in-house rather than by a public copying service because much of the copying involved confidential personnel files.

Plaintiff argues that a rate of $0.10 to $0.13 per page is reasonable as this is the rate of an

3

outside print shop. *See Haroco, Inc. v. American Nat'l Bank & Trust Co. of Chicago*, 38 F.3d 1429, 1441 (7th Cir. 1994). Copy rates of $0.10 to $0.20 have been found to be reasonable. *See Pendleton v. LaSalle Nat. Bank*, 2002 WL 1880124 (N.D. Ill. Aug. 12, 2002); *Martino v. California Fed. Bank*, 2002 WL 731153 (N.D. Ill. April 24, 2002) (*Martino*); *Kateeb v. Dominick's Finer Foods, Inc.*, 1997 WL 630185 (N.D. Ill. Sept. 30, 1997).

In light of the above, the Court finds that the requested rate of $0.25 is not reasonable. Instead, Winnetka is awarded copying costs at the rate of $0.20 per page. Accordingly, Winnetka is awarded $4,504.20 in copying costs.

Winnetka seeks $4,883.27 in photograph reprints and enlargements. Winnetka has provided invoices for the reprints and enlargements which indicate that Winnetka made nearly 1,000 reprints and enlargements. Plaintiff avers, and Winnetka does not dispute, that only a total of 121 photographs were taken in relation to the case. While Winnetka avers that it needed the reprints and enlargements for depositions and for trial preparation, Winnetka does not explain why it needed such a large number of reprints and enlargements in light of the limited number of photographs related to the case. The invoices reflect that reprints cost $0.68 and enlargements cost $5.49. In light of the limited number of photographs related to the case, the Court finds that the number of reprints and enlargements was not reasonable. One reprint to allow a total of two copies and two enlargements for each of the 121 photographs is reasonable. Accordingly, Winnetka is awarded $1,410.86 ($82.28 [1 reprint of 121 photographs] + $1,328.58 [2 enlargements of 121 photographs]) for the costs associated with the photograph reprints and enlargements.

Winnetka seeks $103.96 for the cost of two copies of videotapes it made for Plaintiff and itself. Winnetka may recover the costs for the copy for Plaintiff, $51.98, but may not recover the

4

costs for the additional copy for its own convenience. *See Martino*, 2002 WL 731153 at * 2.

Winnetka seeks $147.56 for 868 document copies and $1,020 for the cost of 1,020 color copies. Plaintiff provided an invoice demonstrating that it had already paid for the 868 copies and argues that the 1,020 color copies were not produced in discovery or used in depositions. Winnetka does not refute Plaintiff's invoice or argument. Accordingly, these costs are denied.

Winnetka also seeks to recover $2,142.94 for costs related to copies of documents produced by the State of Illinois Attorney General's Office. Winnetka obtained copies of the documents from the State of Illinois Attorney General's Office after Plaintiff received a copy of the documents and argues that ordering copies of documents produced to the Winnetka Defendants' adversary was reasonable and standard practice.

Section 1920 allows costs for copies of papers necessarily obtained for use in the case. The copies of documents produced to the Winnetka Defendants' adversary was reasonable and necessarily obtained for use in the case. Accordingly, these costs are awarded.

Winnetka seeks $467.40 for photocopies of pleadings and discovery at the cost of $0.10 to $0.15 per page. The rate per page for each photocopy is reasonable. However, Plaintiff argues that the extra copy of discovery requests and responses should not be granted and the total amount of photocopying costs should be reduced by $25.25.

A party cannot recover costs for copies for its own use or convenience. *See Sharp v. United Airlines*, 197 F.R.D. 361, 362 (ND. Ill. 2000). Accordingly, Winnetka is awarded $442.15 in photocopying costs.

Winnetka also seeks a total of $1,637.30 for witness fees and travel costs. These fees include witness fees at $40 per day and mileage at $0.39 per mile. These portions of the fees sought are

5

reasonable and are awarded.

Winnetka seeks travel costs consisting of airfare and hotel charges for its expert, Patrick Kennedy ("Kennedy"). Plaintiff argues that the airfare and hotel rate sought for Kennedy are not properly documented and are excessive. The invoice Winnetka attached to its Bill of Costs reflects an airfare charge of $1,511. It also reflects two nights' lodging at the cost of $1,748.60. Winnetka seeks airfare in the amount of $521 and two nights' lodging at the cost of $699. Winnetka argues, in its reply brief, that while it paid more for Kennedy's airfare and hotel accommodations, as reflected on its invoice, it seeks a lower amount – $521 for an economy fare ticket and $699 for the two nights' lodging. However, Winnetka has failed to provide any documentation demonstrating that even the lower amounts sought for Kennedy are reasonable. Accordingly, the reasonableness of these fees cannot be determined, and they must be denied.

Plaintiff also disputes the $75 subpoena service fee for Robert Schwartz ("Schwartz") because he was never deposed. Winnetka argues that Schwartz was not deposed because Plaintiff resisted producing him for his deposition and then the parties had a difficult time finding an appropriate date for the deposition after this Court compelled the deposition to take place. Before the deposition could take place, the Court ruled in Winnetka's favor. Winnetka also argues that rush service was required because the discovery cut-off was a few weeks away.

Prevailing parties may recover service costs that do not exceed the Marshal Service's fees regardless of who effected service. *Collins v. Gorman*, 96 F.3d 1057, 1060 (7th Cir. 1996). The Marshal's Service charges $40 per hour for the first two hours and $20 for every hour thereafter. *Johnson v. City of Elgin*, 2002 WL 171971 (N.D. Ill. Feb. 1, 2002).

Winnetka has demonstrated that service on Schwartz was proper. However, Winnetka has

6

failed to demonstrate that rush service was required and reasonable. Accordingly, the Court will award the minimum charged by the Marshal's service, $40. Therefore, Winnetka is awarded $40 for the cost of Schwartz's subpoena service.

Lastly, Winnetka seeks $48.48 in delivery charges. Winnetka concedes that these delivery charges are not typically recoverable in a Bill of Costs but argues that Plaintiff had agreed to pay the fees; however, Winnetka, inadvertently charged their counsel's FedEx account. Winnetka does not provide any evidence of this agreement. Accordingly, these costs are awarded.

Based on the above, Winnetka's Bill of Costs is granted in part and denied in part. Winnetka is awarded a total of $18,333.41.

II. Kushner's Bill of Costs

Kushner seeks a total of $11,217 for various deposition-related costs. Plaintiff does not dispute the number of depositions taken or the costs related to the translation and copying costs. The invoices submitted by Kushner demonstrate that these translation and copying costs are within those established by the Judicial Conference and are reasonable.

Plaintiff does dispute the $810 in fees sought for condensed transcripts. Kushner argues that the condensed transcripts were used by all of the parties. However, condensed transcripts, as a second copy, are generally not recoverable. *See Hardy*, 2002 WL 2022602; *Ochana*, 206 F. Supp. 2d at 945; *Sanglap*, 194 F. Supp. 2d at 803. Accordingly, the $810 in fees for condensed transcripts are not recoverable.

Plaintiff also argues that the $135 in delivery charges for the deposition transcripts is not recoverable. As set forth above, under the Judicial Conference guidelines, postage or delivery costs are considered ordinary business expenses and are not chargeable in relation to obtaining transcripts.

7

Accordingly, Kushner is not awarded the $135 in delivery charges.

Plaintiff next disputes $120.50 in deposition exhibit copy costs that Kushner seeks to recover. In his reply brief, Kushner withdrew his request for the deposition exhibit copy costs. Accordingly, the $120.50 is not awarded.

Based on the above, Kushner is awarded $ 10,151.75 in deposition costs.

Kushner also seeks a total of $2,910.89 in copying costs. These costs include $781.64 for copying of documents produced to Plaintiff in discovery, $717.05 for copying and binding of the summary judgment motion, and $1,412.20 for copies of documents sent to and reviewed by Defendant's expert. In his Bill of Costs, Kushner states that the copy service charged from $0.15 to $0.25 per page. The invoices Kushner attached to support his request of fees reflects only a total amount due. The invoices do not reflect the number of pages copied or the price per page.

Copying charges that are not discernable from the supporting documentation are not allowed. *See American Automotive Accessories v. Fishman*, 991 F. Supp. 995, 997 (N.D.Ill. 1998); *Falcon v. City of Chicago*, 2000 WL 1231403 (N.D.Ill. Aug. 28, 2000).

In the instant case, the Court is unable to determine if the total number of copies includes only those charges for copies that are allowed, one copy for the court and one copy for opposing counsel, or the number of documents that were copied at a reasonable rate. Accordingly, these costs are denied.

Based on the above, Kushner's Bill of Costs is granted in part and denied in part. Kushner is awarded a total of $10,151.75.

8

For the reasons stated above, Winnetka's Bill of Costs is granted in part and denied in part. Winnetka is awarded a total of $18,333.41. Kushner's Bill of Costs is granted in part and denied in part. Kushner is awarded a total of $10,151.75.

Dated: April 29 2003

JOHN W. DARRAH
United States District Judge